**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-06-291-M |
| ) | |
| DARRELL L. TEMPLETON, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Motion to Dismiss Indictment, filed January 9, 2007. On January 29, 2007, the government filed its response. Based upon the parties' submissions, the Court makes its determination.

I.  Introduction

In Arizona in 1989, defendant pled guilty to one count of sexual abuse, a Class 5 felony, in that on May 15, 1988, he engaged in sexual contact with a female without consent.[1] In the plea agreement, defendant acknowledged that he understood he was pleading guilty to a Chapter 14 Offense of the Criminal Code, Title 13, Arizona Revised Statutes, and would be required to register as a sex offender in the county of his residence pursuant to Ariz. Rev. Stat., § 13-3821. In 1991, defendant registered as a sex offender with the State of Arizona Department of Public Safety.[2]

On January 23, 2006, defendant applied for an Oklahoma driver's license. In the application,

---

[1]The female victim was an adult.

[2]At the time that defendant registered, § 13-3821 required that any individual who had been convicted of the offense for which defendant was convicted must register without any limitation as to the victim's age. Under present Arizona law, § 13-3821 provides that persons convicted for that offense must register as sex offenders under state law where the victim was under eighteen years of age.

defendant stated that he was a resident of Oklahoma. Although the application stated that any person convicted of a sex offense who relocates to Oklahoma must register with the Oklahoma Department of Corrections and with local law enforcement, defendant did not register as a sex offender in Oklahoma. On December 6, 2006, a single-count indictment was filed charging defendant with knowingly failing to register as a sex offender in Oklahoma, as required by the Sex Offender Registration and Notification Act, 18 U.S.C. § 2250(a).

## II.     The Walsh Act

The Adam Walsh Child Protection and Safety Act of 2006 ("Walsh Act"), Pub. L. No. 109-248, was enacted on July 28, 2006. Title I of the Walsh Act, entitled the Sex Offender Registration and Notification Act ("SORNA"), creates a national sex offender registry law. SORNA, in addition to defining the term "sex offender" and addressing the various tiers of sex offender status, *see* 42 U.S.C. § 16911, also requires every jurisdiction to maintain a sex offender registry conforming to the requirements of SORNA. *See* 42 U.S.C. § 16912. The information to be provided by the sex offender for the registry, at a minimum, includes: name and aliases, Social Security number, residence, place of employment and/or school, and vehicle information. 42 U.S.C. § 16914(a)(1)-(7). Additionally, the jurisdiction must ensure that, at a minimum, the following information is included in the registry: physical description, criminal history, including the text of the particular law for which the registration is required, current photograph, fingerprints and palm prints, DNA sample, and a photocopy of a driver's license or identification card. 42 U.S.C. § 16914(b)(1)-(8). Certain information about the sex offender is also mandated to be published on an internet website. *See* 42 U.S.C. § 16918.

SORNA also delineates when and how a sex offender should register under the Walsh Act:

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration

The sex offender shall initially register –

> (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>
> (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

(c) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

(d) Initial registration of sex offenders unable to comply with subsection (b) of this section

The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.[3]

---

[3] As of the date of this Order, the Attorney General has not exercised the authority delegated to him by Congress to specify the applicability of the requirements of the Walsh Act to sex offenders

  (e) State penalty for failure to comply

  Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this title.

42 U.S.C. § 16913.

Additionally, SORNA creates a new federal offense for failure to register:

  (a) In general – Whoever –

    (1) is required to register under the Sex Offender Registration and Notification Act;

    (2)(A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or

    (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and

    (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;

  shall be fined under this title or imprisoned not more than 10 years, or both.

18 U.S.C. § 2250(a).

III. Discussion

  Defendant now moves this Court to dismiss the Indictment in this case for the following reasons: (1) the Indictment is insufficient in that it fails to state the subsection of SORNA

---

convicted before July 27, 2006.

defendant's sexual abuse conviction allegedly meets; (2) there is no federal subject matter jurisdiction for this prosecution because the federal failure to register as a sex offender statute violates the Commerce Clause of the Constitution; (3) defendant was no longer required to register as a sex offender pursuant to Arizona law and was not required to register federally; (4) defendant's 1989 Arizona sexual abuse conviction occurred at a time that is not covered by SORNA and the federal failure to register as a sex offender statute; (5) SORNA and the federal failure to register as a sex offender statute violate the *Ex Post Facto* Clause of the Constitution; and (6) SORNA and the federal failure to register as a sex offender statute violate due process.

### A. Sufficiency of Indictment

Defendant asserts that the Indictment fails to comply with Federal Rule of Criminal Procedure 7(c)(1) in that it fails to specify which subsection of SORNA defendant's conviction allegedly meets. Rule 7(c)(1) provides, in pertinent part:

> The indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government. . . . For each count, the indictment or information must give the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated. . . .

Fed. R. Crim. P. 7(c)(1).

Further, the Tenth Circuit has held:

> We determine the sufficiency of an indictment by practical rather than technical considerations. An indictment is sufficient if it sets forth the elements of the offense charged, puts the defendant on fair notice of the charges against which he must defend, and enables the defendant to assert a double jeopardy defense. The test of the validity of the indictment is not whether the indictment could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards.

*United States v. Gama-Bastidas*, 222 F.3d 779, 785 (10th Cir. 2000) (internal quotations and citations omitted).

Having carefully reviewed the Indictment, the Court finds that it is sufficient and does not fail to comply with Rule 7(c)(1). Specifically, the Court finds that the Indictment sufficiently sets forth the elements of the offense charged, puts defendant on fair notice of the charges against which he must defend, and enables defendant to assert a double jeopardy defense. Further, the Court finds that while the Indictment does not set forth the specific subsection of SORNA that defendant's conviction allegedly meets, it does set forth the statute that defendant is alleged to have violated and, as set forth above, adequately puts defendant on notice of the charges against him. Accordingly, the Court finds that the Indictment should not be dismissed on this basis.

B.   Commerce Clause

Defendant asserts that the federal failure to register as a sex offender statute violates the Commerce Clause of the Constitution. Article I, Section 8, Clause 3 of the United States Constitution gives Congress the power "[t]o regulate Commerce with Foreign Nations, and among the several states, and with the Indian tribes." The Supreme Court has identified three broad categories of activity that Congress may regulate under its commerce power: (1) "the use of the channels of interstate commerce;" (2) "the instrumentalities of interstate commerce, or persons or things in interstate commerce, even though the threat may come only from intrastate activities;" and (3) "those activities having a substantial relation to interstate commerce, . . . , i.e., those activities that substantially affect interstate commerce." *United States v. Lopez*, 514 U.S. 549, 558-59 (1995).

Having carefully reviewed the parties' submissions, the statute, and the case law, the Court finds that the federal failure to register as a sex offender statute does not violate the Commerce

Clause of the Constitution. The statute includes a jurisdictional nexus; specifically, if a person has been convicted of a sex offense under state law, which is the situation in the case at bar, to be subject to the statute, that person must "travel[] in interstate or foreign commerce." 18 U.S.C. § 2250(a)(2)(B). Thus, the Court finds that the failure to register as a sex offender statute specifically involves persons in interstate travel, which falls within the second category of activity which the Supreme Court has held that Congress may regulate under its commerce power. Accordingly, the Court finds that the Indictment should not be dismissed on this basis.

### C.   Requirement to register

Defendant asserts that he was no longer required to register as a sex offender pursuant to Arizona law and, thus, was not required to register federally. Having carefully reviewed the parties' submissions and the pertinent statutes, the Court finds that whether or not defendant was currently required to register in Arizona is not determinative of any culpability in the instant action. Regardless of whether defendant would be required to register as a sex offender in Arizona if he committed the same offense today and whether defendant is still required to register as a sex offender in Arizona, defendant was obligated to register both under the laws of Oklahoma, his state of residence, *see* Okla. Stat. tit. 57, § 581, et seq., and under SORNA.[4] Accordingly, the Court finds that the Indictment should not be dismissed on this basis.

### D.   Coverage of SORNA

Defendant asserts that his Arizona conviction occurred at a time that is not covered by

---

[4] SORNA defines "sex offender" as "an individual who was convicted of a sex offense." 42 U.S.C. § 16911. A "sex offense" means "a criminal offense that has an element involving a sexual act or sexual contact with another." 42 U.S.C. § 16911(5)(i). Defendant clearly falls within the definition of sex offender.

SORNA, and, thus, he can not be prosecuted under SORNA. Specifically, defendant asserts that since the United States Attorney General has not yet prescribed any rules pursuant to the directives in SORNA, that SORNA does not yet apply to "sex offenders" who are convicted before July 26, 2006. Therefore, because defendant's Arizona conviction occurred before July 26, 2006, defendant contends he cannot be prosecuted under SORNA.

Having carefully reviewed the parties' submissions, the Court finds that the regulations that defendant asserts have not been promulgated do not apply to defendant in this case. The title of the subsection of SORNA which authorizes the Attorney General to specify the applicability of the requirements of SORNA to sex offenders convicted before July 27, 2006 and to prescribe rules for the registration of any such sex offenders is "Initial registration of sex offenders unable to comply with subsection (b) of this section." The Court finds that this title clearly indicates that this subsection only applies to individuals who were unable to initially register as a sex offender. In the case at bar, defendant registered initially in Arizona and faced no barrier to registering in Oklahoma upon becoming a resident. The Court, thus, finds that this subsection is not applicable to defendant and that the Indictment, accordingly, should not be dismissed on this basis.

E.     *Ex Post Facto* Clause

Defendant contends that as applied to his 1989 conviction, SORNA and the federal failure to register as a sex offender statute are punitive and, therefore, violate the *Ex Post Facto* Clause.

In *Smith v. Doe*, 538 U.S. 84 (2003), the Supreme Court considered whether a sex offender registration and notification law constituted retroactive punishment forbidden by the *Ex Post Facto* Clause. In *Smith*, the Supreme Court held that the sex offender and notification law "is nonpunitive, and its retroactive application does not violate the *Ex Post Facto* Clause." *Id.* at 105-06. The

Alaska law in question in *Smith* is strikingly similar to SORNA, including its requirements and how the information is disseminated on the internet.[5] Accordingly, for the reasons set forth in *Smith*, the Court finds that SORNA is nonpunitive, and its retroactive application does not violate the *Ex Post Facto* Clause.

Further, the Court finds that the federal failure to register as a sex offender statute does not violate the *Ex Post Facto* Clause. Article I, § 9 of the United States Constitution states: "No Bill of Attainder or ex post facto Law shall be passed." A law violates the *Ex Post Facto* Clause only if it (1) punishes as a crime an act that was not criminal when it was committed; (2) makes a crime's punishment greater than when the crime was committed; or (3) deprives a defendant of a defense available at the time the act was committed. *Collins v. Youngblood*, 497 U.S. 37, 52 (1990). Having carefully reviewed the federal failure to register as a sex offender statute, the Court finds that the federal failure to register as a sex offender statute does not serve to punish defendant for an act that was not a crime when allegedly performed, does not make the punishment greater for a crime committed before the law's enactment, and does not deprive defendant of a defense available before its enactment. Therefore, the Court finds that the federal failure to register as a sex offender statute does not violate the *Ex Post Facto* Clause.

Accordingly, the Court finds that the Indictment should not be dismissed on this basis.

F.   Due Process

Defendant asserts that SORNA and the federal failure to register as a sex offender statute violate due process. Specifically, defendant asserts that he was no longer required to register in

---

[5]The Court would find that although SORNA requires periodic in-person appearances to provide a current photograph and verify registration information, which was not required under the Alaska law, these requirements do not transform SORNA into a punitive law.

Arizona and that his prosecution federally for a failure to register violates the Due Process Clause, both procedurally and substantively.

The Due Process Clause of the Fifth Amendment to the Constitution provides that no person shall "be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Supreme Court has expressly held that not offering a sex offender a hearing to determine his current dangerousness prior to his name being published in a sex offender registry is not a violation of procedural due process. *Conn. Dept. of Pub. Safety v. Doe*, 538 U.S. 1, 4-8 (2003). Additionally, several circuit courts have expressly held that substantive due process does not invalidate sex offender registration statutes. *See Doe v. Moore*, 410 F.3d 1337, 1345 (11th Cir. 2005); *Doe v. Tandeske*, 361 F.3d 594, 597 (9th Cir. 2004); *Gunderson v. Hvass*, 339 F.3d 639, 643 (8th Cir. 2003). In light of the above case law, the Court finds that SORNA does not violate either procedural or substantive due process.

Additionally, as set forth above, the Court finds that whether defendant was still required to register as a sex offender in Arizona is not relevant to his culpability in the case at bar. Consequently, the Court finds the Due Process Clause is not violated by defendant's prosecution federally for failure to register.

Accordingly, the Court finds that the Indictment should not be dismissed on this basis.

IV.     Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss Indictment [docket no. 22].

**IT IS SO ORDERED this 7th day of February, 2007.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE